UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETAILXPERTS FRANCHISE
SYSTEMS, LLC,

    Plaintiff,

v.

TKTM ENTERPRISES, LLC;
Tony Coyne; Bobcat 1 Enterprises,
Inc.; Michael Brown,

    Defendants.
_____/

Case No. 18-11823
District Judge Victoria A. Roberts
Magistrate Judge David R. Grand

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FIRST AMENDED COUNTERCLAIM [DOC. 11]

**I.    INTRODUCTION**

At issue is whether Defendants Tony Coyne and TKTM Enterprises, LLC ("Coyne") can proceed in federal court on their counterclaim: that the Franchise Agreement between Coyne and Plaintiff DetailXPerts Franchise Systems, LLC ("DetailXPerts") was fraudulently induced by DetailXPerts, or whether Coyne must proceed to arbitration.

  DetailXPerts filed a breach of contract action against TKTM Enterprises, LLC, Tony Coyne, Bobcat 1 Enterprises, Inc., and Michael Brown (collectively, "Defendants"). DetailXPerts says Defendants violated non-compete provisions in their respective franchise agreements. Coyne filed a counterclaim, seeking injunctive and declaratory relief. Coyne contends that his Franchise Agreement is invalid under both Michigan and Pennsylvania law.

DetailXPerts moves to dismiss Coyne's counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. DetailXPerts contends that the counterclaim—which challenges the validity of the Franchise Agreement—must be arbitrated.

For the reasons below, DetailXPerts' motion to dismiss is **GRANTED**.

II. FACTS

On November 22, 2016, DetailXPerts and Coyne entered into the DetailXPerts Franchise Systems, LLC Franchise Agreement ("Franchise Agreement"). DetailXPerts says that Coyne terminated the Franchise Agreement on January 11, 2018. DetailXPerts also says that, as part of the Franchise Agreement, Coyne agreed to a non-compete provision. DetailXPerts contends that Coyne violated, and continues to violate, the non-compete provision of the Franchise Agreement by operating a competing business after termination of the Franchise Agreement.

Coyne contends that DetailXPerts fraudulently induced him to sign the Franchise Agreement. Specifically, Coyne says that DetailXPerts made several material misrepresentations and omissions as part of its pitch to potential franchisees. Coyne says that because the Franchise Agreement was fraudulently induced, it is both void and voidable under Michigan law. Moreover, Coyne asserts that he was within his rights to rescind the Franchise Agreement.

Defendants removed this case to federal court on June 7, 2018. Coyne's First Amended Counterclaim contains two counts: (1) Violation of Michigan's Franchise Investment Law and other state statutes; and (2) declaratory relief. Coyne seeks a

declaration that DetailXPerts has no contractual right to attempt to collect money or enforce the non-compete; Coyne also seeks an injunction prohibiting DetailXPerts from attempting the above-mentioned actions. Importantly, nowhere in the counterclaim does Coyne make any mention of the arbitration provision of the Franchise Agreement.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations. *Id.* The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. DISCUSSION

DetailXPerts says that Coyne's First Amended Counterclaim should be dismissed because the claims are subject to the arbitration provision of the Franchise Agreement.

The arbitration provision gives an arbitrator the authority to determine the validity of the Franchise Agreement. The arbitration provision provides, in relevant part:

> Except for controversies, disputes or claims related to the enforcement of the Marks by the Franchisor, the covenants not to compete, or any lease of real estate equipment or vehicles all controversies, disputes, or claims between the Franchisor . . . and the Franchisee (and its owners . . .) arising out of or related to: (1) this Agreement or any other agreement between the parties or any provision of such agreements; (2) the relationship of the parties hereto; (3) the validity of this agreement or any other agreement between the parties or any provisions of such agreement; or (4) any Licensed Method shall be . . . submitted . . . to binding arbitration to the AAA on demand of either party.

[*See* Franchise Agreement, p. 30].

The Federal Arbitration Act places arbitration agreements "upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Indeed, arbitration agreements are presumed "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* at 24-25.

Where a party alleges fraud in the inducement of an entire contract containing an arbitration provision, the embedded arbitration provision is "severed"; thus, the arbitration provision is given effect, and enforceability of the contract cannot be decided by a court. *See Prima Paint v. Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1963) ("[I]f the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to

4

the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally."). *See also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006) ("[A]s as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract.").

Essentially, a party must specifically allege fraud in the inducement of the arbitration provision of an agreement before there can be judicial review of the entire agreement in the first instance. *See Burden v. Check Into Cash of Kentucky, LLC*, 267 F.3d 483, 491 (6th Cir. 2001) ("[F]or a complaint of fraud in the inducement to survive *Prima Paint,* the complaint must contain 'a well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement,* that would provide grounds for the revocation of the agreement to arbitrate.'") (quoting *Arnold v. The Arnold Corp.*, 920 F.2d 1269, 1278 (6th Cir. 1990)). *See also Nitro-Lift Techs., LLC v. Howard*, 568 U.S. 17, 20-21 (2012) ("[W]hen parties commit to arbitrate contractual disputes, it is a mainstay of the [Federal Arbitration Act's] substantive law that attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved 'by the arbitrator in the first instance, not by a federal or state court.'") (quoting *Preston v. Ferrer*, 552 U.S. 346, 349 (2008)).

Coyne claims that the entire Franchise Agreement is invalid due to fraud in the inducement. Specifically, Coyne alleges that DetailXPerts made material misrepresentations, omissions, and false statements in connection with the Franchise Agreement; nowhere in his counterclaim does Coyne assert that DetailXPerts engaged

5

in fraud with respect to the arbitration provision. Given the above, Coyne's counterclaim must be dismissed.

## V. CONCLUSION

Given Coyne's failure to attack the validity of the arbitration provision specifically, this Court cannot decide the validity of the Franchise Agreement in the first instance. The parties agreed to reserve that issue for arbitration.

DetailXPerts' motion to dismiss Coyne's First Amended Counterclaim is **GRANTED**. Coyne's First Amended Counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 8, 2018