UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DETAILXPERTS FRANCHISE SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TKTM ENTERPRISES, LLC, et al.,<br><br>    Defendant. | Case No. 18-11823<br><br>Honorable Victoria A. Roberts |
| DETAILXPERTS FRANCHISE SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DECK, Inc., et al.,<br><br>    Defendant. | Case No. 19-10037<br><br>Honorable Victoria A. Roberts |
| DETAILXPERTS FRANCHISE SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SRQ DETAILERS, et al.,,<br><br>    Defendants. | Case No. 19-12607<br><br>Honorable Victoria A. Roberts |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD [ECF No. 55]

Plaintiff DetailXPerts Franchise Systems, LLC ("DetailXPerts") brought this case against its former franchisee – Deck, Inc.; that franchisee's principal – Matthew Chase Deck; and the principal's spouse – Veronica Deck (collectively, "Defendants").

While this case was ongoing, Deck, Inc. and DetailXPerts engaged in arbitration before the American Arbitration Association; both parties asserted claims against the other. On March 6, 2020, an arbitrator entered an Arbitration Award: (1) granting Deck, Inc. damages of $8,000; (2) granting DetailXPerts damages of $500; (3) upholding in part a non-compete provision from DetailXPerts' and Deck, Inc.'s franchise agreement which prohibited Deck, Inc. – and its owners/principals and their family members – from engaging in certain conduct for two years; and (4) declining to award attorney fees, because bot parties prevailed in part.

DetailXPerts moves the Court to confirm the Arbitration Award. In addition, DetailXPerts asks the Court to:

> (1) order that Defendants must comply with the non-compete provision as construed by the arbitrator – i.e., "order that Deck, Inc. . . . is prohibited, until March 6, 2022, from having any direct or indirect interest (through any immediate family member of Deck, Inc. or its owners or otherwise) as a disclosed or beneficial owner, investor, partner, director, officer, manager,

employee, consultant, representative or agent or in any other capacity in any business offering Mobile Truck Washing Services within (i) ten (10) miles of the former North Georgia territory (which territory is depicted in Exhibit A-1) and (ii) ten (10) miles of any franchised, company owned or affiliate business of Plaintiff currently in operation offering Mobile Truck Washing Services"; and

(2) "award [it] attorneys' fees pursuant to Section 23.7 of the Franchise Agreement as a prevailing party."

[ECF No. 55, PageID.572-73].

The Court **GRANTS IN PART** and **DENIES IN PART** DetailXPerts' motion [ECF No. 55], as follows.

The Court **CONFIRMS** the Arbitration Award.

This order extends to the individual Deck Defendants as well as Deck, Inc., because the Arbitration Award upholds in relevant part the covenant not to compete in the franchise agreement, and that covenant applies not only to Deck, Inc. but also to Deck, Inc.'s owners/officers (including Matthew Chase Deck) and family members (including Veronica Deck).

The Court **DENIES** DetailXPerts' request for attorney fees.

The Arbitration Award declined to award attorney fees because both parties prevailed in part. Since the Court confirms the Arbitration Award, it – like the Award – must also decline to award attorney fees. Additionally,

3

the Court agrees with the Arbitration Award that attorney fees are not justified because both parties prevailed in part.

In its reply brief, DetailXPerts revises its basis for requesting attorney fees. Instead of requesting attorney fees as the prevailing party under section 23.7 of the franchise agreement, DetailXPerts says it is entitled to attorney fees for having to bring the motion to confirm the Arbitration Award under section 20.4 of the franchise agreement. The Court also DENIES DetailXPerts' request for attorney fees under section 20.4 of the franchise agreement because it first raised this request and argument in its reply brief, which is improper. *See United States v. Owens*, 458 Fed. Appx. 444, 446 (6th Cir. 2012) ("Arguments raised for the first time in a reply brief are waived.").

**IT IS ORDERED**.

                s/ Victoria A. Roberts
                Victoria A. Roberts
                United States District Judge

Dated: October 19, 2020